SMITH, Judge.
Appellant earnestly insists that her conviction for sale of heroin was marred by the trial court’s refusal before trial to order disclosed the identity of the confidential informant who, according to the State, named and pointed out appellant in the Pick-Up Bar when the witness Moss, a police trainee, inquired from whom he might buy heroin.
The confidential informant was the only known witness to the transaction in the bar besides Moss. Moss’ identification testimony was riddled with doubt and contradictions. It was corroborated, however, by another officer who testified to having seen appellant at the bar on the afternoon of the alleged offense. Appellant and her alibi witnesses testified that she was in her apartment all afternoon.
We have carefully considered appellant’s argument under the standards of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and Spataro v. State, 179 So.2d 873 (Fla.App.2d, 1965). It is a close question, and one which the trial court may well have been asked to reconsider at trial in light of the testimony adduced by the State. But in view of the facts that the confidential informant was not referred to in the evidence and did not directly participate in the transaction, and that there was testimony other than Moss’ placing appellant at the bar and contradicting her alibi, we conclude that no error was committed. In the circumstances of this case, the critical issue was whether appellant was in the Pick-Up Bar on the afternoon in question, and on that issue the confidential informant had no unique knowledge that was 'unavailable to other witnesses within and without the bar.
We have considered the appellant’s other points and find them likewise unavailing.
Affirmed.
BOYER, C. J., and MILLS, J., concur.